**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| ADMIIN INC., d/b/a PARO, INC., | ) | |
| a Delaware Corporation, | ) | Case No. 1:23-cv-04430 |
| | ) | |
| Plaintiff, | ) | Judge Franklin U. Valderrama |
| | ) | |
| v. | ) | Magistrate Judge M. David Weisman |
| | ) | |
| LUKE KOHAN, an individual, | ) | |
| and FIRMKEY SOLUTIONS, LLC, a | ) | |
| Minnesota limited liability company, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' FIRST AMENDED ANSWER AND
AFFIRMATIVE DEFENSES**

Defendants LUKE KOHAN ("Kohan") and FIRMKEY SOLUTIONS LLC ("FirmKey")

for their First Amended Answer and Affirmative Defenses state as follows:

**Introduction**

1.      Paro brings this action to end Kohan's breach of his contractual obligations to

Paro; Kohan's and FirmKey's threatened and inevitable misappropriation of Paro's trade secrets

and confidential information; and FirmKey's tortious conduct. Kohan, a former employee of Paro,

and FirmKey. Kohan's new business venture and a direct competitor of Paro, have engaged in a

course of conduct designed to enrich themselves at the expense of Paro.

**RESPONSE:**  Defendants admit that Paro brought this action.  Otherwise, denied.

**Parties**

2.      Plaintiff Paro is a Delaware Corporation, authorized to conduct business in Illinois,

with its principal place of business located at 343 W. Erie St., Suite 600, Chicago, Illinois 60654.

Paro is a rapidly growing technology company that provides various finance and accounting

solutions to businesses through a combination of expert fractional talent, data-driven tools and guiding insights.

**RESPONSE:** Admitted.

3.      Defendant Kohan, an individual, is, upon information and belief, a citizen of New York. Kohan is a former employee of Paro and is the founder and the sole employee of FirmKey, a direct competitor of Paro.

**RESPONSE:** Defendants admit that Kohan resides in New York, and formerly was employed by Paro. Otherwise denied.

4.      Upon information and belief, Defendant FirmKey is a Minnesota limited liability corporation, and its members are citizens of states other than Illinois. Like Paro, FirmKey is engaged in the business of providing various finance and accounting solutions to businesses. FirmKey is a direct competitor of Paro.

**RESPONSE:** Defendants admit that FirmKey is in Minnesota LLC and that its members are not citizens of Illinois. Otherwise, denied.

### Jurisdiction and Venue

5.      This Court has jurisdiction pursuant to 28 U.S.C. § 1331 because Paro states a cause of action arising under the laws of the United States.

**RESPONSE:** Admitted.

6.      The Court also has jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states and the matter in controversy exceeds $75,000 excluding interest and costs.

**RESPONSE:** Admitted.

7.      This Court has supplemental jurisdiction over the Illinois law claims pursuant to 28 U.S.C. § 1367(a).

72196253;2

**RESPONSE**:  Admitted.

8.      This Court has personal jurisdiction over Kohan and venue is proper in this district pursuant to 28 U.S.C. § 1391 because (a) Kohan has agreed to submit to the jurisdiction and venue of this Court *(see* Exhibit A hereto at ¶ 11), (b) Kohan has threatened to misappropriate or will inevitably misappropriate trade secrets and confidential information maintained by Paro in this district, and (c) the transactions out of which this lawsuit arose occurred in this district.

**RESPONSE**:  Defendants admit that the Court has personal jurisdiction over Kohan and that venue in this Court is proper.  Otherwise, denied.

9.      This Court has personal jurisdiction over FirmKey and venue is proper in this district pursuant to 28 U.S.C. § 1391 because (a) upon information and belief, FirmKey conducts business in this district, (b) FirmKey has threatened to misappropriate or will inevitably misappropriate trade secrets and confidential information maintained by Paro in this district, and (c) the transactions out of which this lawsuit arose occurred in this district.

**RESPONSE**:  Defendants admit that the Court has personal jurisdiction over FirmKey and that venue in this Court is proper.  Otherwise, denied.

**Allegations Common to All Counts**

10.      Headquartered in Chicago, Paro is an artificial intelligence-powered marketplace that delivers finance and accounting solutions to businesses through a combination of expert fractional talent, data-driven tools and guiding insights. Paro provides flexible finance and accounting to businesses via its network of highly vetted freelance experts. Through its proprietary AI-powered platform, Paro matches clients with the best-fit expert so solve problems and drive growth. Paro's carefully curated expert community provides a range of financial services to clients, from basic bookkeeping and accounting to highly specialized corporate development and strategic

72196253;2

advisory services. The Company's unique model was recently profiled by *Fortune* magazine: //fortune.com/2023/03/06/the-new-cfo-remote-work/.

**RESPONSE:** Defendants lack sufficient information to admit or deny these allegations and therefore denies them.

11.     Over the years, Paro has invested a great deal of time and money in building and growing the Company. Paro's client base consists of regular, loyal clients, many of whom exclusively use the Company's services. Paro assigns specific employees to a client's account, and the Company's services are tailored to meet the client's specific needs. Paro's clients include a wide array of companies and firms, both large and small.

**RESPONSE:** Defendants lack sufficient information to admit or deny these allegations and therefore denies them.

12.     Paro invests a substantial amount of money and other resources in developing and maintaining its clients base. For example, Paro spends months discussing with clients their needs and the services that Paro will provide. Paro prides itself in catering to every client need and providing the most competitive pricing in the industry. To maintain its current client relationships, Paro encourages its employees to cultivate close relationships with clients by developing an understanding of their businesses, their individual needs and their preferences.

**RESPONSE:** Defendants lack sufficient information to admit or deny these allegations and therefore denies them.

13.     Paro develops and maintains extensive information about its clients, the services they purchase from Paro, and the fees that Paro charges them. Paro keeps records for each client, including, among other things, addresses and telephone numbers, the names of client contacts, the types of services purchased over the course of the client relationship, the fees the clients pay, and

- 4 -

other information unique to the clients. Paro develops and maintains similar information about its experts, including their contact information, their credentials and their professional specialties.

**RESPONSE:**  Defendants lack sufficient information to admit or deny these allegations and therefore denies them.

14.    All of this information is regularly updated by Paro and is a product of hundreds of hours of work by Paro's employees.

**RESPONSE:**  Defendants lack sufficient information to admit or deny these allegations and therefore denies them.

15.    As a result of Paro's reputation, exceptional service, and diligent development of client information and tracking, Paro has developed a long-standing relationship with many of its clients and experts.

**RESPONSE:**  Defendants lack sufficient information to admit or deny these allegations and therefore denies them.

16.    Paro has devoted substantial money, time and resources to develop its much sought-after clientele, roster of experts, and confidential information. Paro's confidential information (the "Confidential Information") includes the foregoing information, as well as the information outlined in Paragraph 2(a) of Exhibit A hereto. Paro derives economic value from the fact that its Confidential Information is not known outside of Paro's business and is not available through any public records and information sources. Paro's Confidential Information cannot be independently developed by its competitors without great effort and expense.

**RESPONSE:**  Defendants lack sufficient information to admit or deny these allegations and therefore denies them.

- 5 -

17. Recognizing the economic value that it derives from its Confidential Information, as well as the potential value of this information to its competitors, Paro requires that its Confidential Information be kept strictly confidential by its employees and restricts access to this information. Paro has taken substantial steps and security measures to protect the confidentiality of its Confidential Information, including but not limited to the following:

(a) Paro protects access to its Confidential Information through computer passwords;

(b) Paro limits the number of employees having access to its Confidential Information. Employees are given access to Paro's Confidential Information on a "need to know" basis;

(c) Paro does not give access to its Confidential Information to non-employees;

(d) Certain Paro employees (including, in this case, Kohan) are required to sign Non-Competition, Non-Solicitation, Non-Disclosure and Invention Assignment Agreements as a condition of their employment *(see* Exhibit A hereto), which, among other things, bar employees from misappropriating the Company's Confidential Information and from operating, working from and otherwise marketing a business directly competitive to Paro;

(e) Paro employees are forbidden from downloading, transferring or otherwise duplicating any of Paro's Confidential Information; and

(f) Paro requires each employee to return to Paro all Confidential Information when the employee leaves Paro's employ.

**RESPONSE:** Defendants lack sufficient information to admit or deny these allegations and therefore denies them.

### Kohan's Employment with Paro

18. Kohan began his employment with Paro on or about October 3, 2020, and he most recently held the position of Senior Account Executive. In that role, Kohan was responsible for, *inter alia.* converting the leads generated by Paro's marketing team into long-term clients. His core responsibilities included managing the full sales cycle from qualifying new leads to closing deals.

- 6 -

building relationships with Paro's clients to achieve their goals and drive profitability, as well as providing support to Paro team members.

**RESPONSE:**  Admitted.

19.     In his role with Paro, Kohan had direct contact with and access to Paro's clients and experts, and he had intimate knowledge of Paro's Confidential Information. But for his employment with Paro, Kohan would not have had access to Paro's clients, experts or Confidential Information.

**RESPONSE:**  Kohan denies that what is defined as "Confidential Information" is confidential.  Otherwise, admitted.

20.     In consideration and as a condition of his employment with Paro and his access to the Company's Confidential Information and client and expert networks, Kohan signed a Non-Competition, Non-Solicitation, Non-Disclosure and Invention Assignment Agreement (the "Non-Compete Agreement"). A copy of the Non-Compete Agreement is attached hereto as Exhibit A.

**RESPONSE:**  Kohan denies that what is defined as "Confidential Information" is confidential information.  Otherwise, admitted.

21.     In the Non-Compete Agreement, Kohan agreed and acknowledged that "as a result of [his] employment with the Company," he had access to the Company's Confidential Information. *See* Exhibit A, p. 1. Kohan further agreed and acknowledged that he understood "how important the relationships which the Company has with its Customers sand Company Employees are, as well as how significant the maintenance of its Confidential Information is to the business and success of the Company" and that the "scope and duration of the restrictions...are reasonable and necessary to protect the legitimate business interests of the Company." *Id.* Accordingly, Kohan

agreed that he would not, directly or indirectly, divulge, disclose, use or misappropriate any of the Company's Confidential Information. *Id,* ¶ 8(b).

**RESPONSE:** Kohan denies that what is defined as "Confidential Information" is confidential. Otherwise, admitted.

22. Kohan's Non-Compete Agreement also restricts him from competing against Paro and from, directly or indirectly, soliciting its clients and employees. For example, Paragraph 3(b) of the Non-Compete Agreement bars Kohan from owning or working for a competitor of Paro during the twelve (12)-month restricted period following the termination of his employment with Paro:

> During the Restricted Period (as defined below), I will not, anywhere in the Restricted Territory (as defined below), without the Company's prior written consent, directly or indirectly, alone or as a partner, member, manager, owner, joint venturer, officer, director, employee, consultant, agent, contractor, stockholder or in any other capacity of any company or entity, engage in the Business, have any financial interest in any company or entity engaging in the Business or make any loans to any company or entity engaging in the Business. For purposes of this Agreement, the term "Business" means (a) the provision of outsourced financial services, including bookkeeping and accounting, financial analysis and CFO strategy services. or (b) the provision, development, marketing, sale or maintenance of products or services which are substantially similar to those developed. marketed, distributed, sold, maintained or otherwise provided by, or actively planned to be developed, marketed, distributed, sold, maintained or otherwise provided by the Company during the term of my employment with the Company.

Exhibit A. ¶ 4.

**RESPONSE:** Admitted.

23. The non-solicitation provisions of the Non-Compete Agreement bar Kohan, during the same 12-month restricted period, from soliciting Paro's client and employees, and otherwise interfering with Paro's relationships with its clients and/or employees. Exhibit A, ¶ 7(a) and (b).

**RESPONSE:** Admitted.

72196253;2

24.     Kohan further agreed and acknowledged that the non-competition and non-solicitation restrictions in the Non-Compete Agreement are "reasonable and necessary to protect the legitimate business interests of the Company." Exhibit A, ¶ 8(b). Kohan further agreed that "the enforcement of the [non-competition and non-solicitation provisions] will not in any way preclude [him] from becoming gainfully employed or engaged as a contractor in such manner and to such extent as to provide me with an adequate standard of living." *Id.*

**RESPONSE:** Admitted.

25.     Kohan agreed that if he breached the terms of the Non-Compete Agreement, Paro would be entitled to immediate injunctive relief:

> I acknowledge that the breach of this Agreement would cause substantial loss to the goodwill of the Company. and cause irreparable harm for which there is no adequate remedy at law. Further, because my services are personal and unique, because damages alone would not be an adequate remedy, and because I may have access to and become acquainted with the Confidential Information and Intellectual Property of the Company, the Company shall have the right to enforce this Agreement and any of its provisions by injunction, specific performance, or other equitable relief, without having to post bond or prove actual damages, and without prejudice to any other rights and remedies that the Company may have for a breach of this Agreement, including, without limitation, money damages.

Exhibit A, ¶ 10.

**RESPONSE:** Admitted.

26.     The terms of the Non-Compete Agreement also entitle Paro to its attorneys' fees and other expenses that it incurs in enforcing the Non-Compete Agreement. Exhibit A, ¶ 10.

**RESPONSE:** Denied.

27.     Kohan would not have been employed by Paro or been granted access to Paro's Confidential Information and clients but for his agreement to abide and be bound by the terms of the Non-Compete Agreement.

72196253;2

**RESPONSE:** Defendants lack sufficient information to admit or deny these allegations and therefore denies them.

**Events Giving Rise to This Action**

28. In March 2023, Kohan voluntarily resigned his employment with Paro.

**RESPONSE:** Admitted.

29. On information and belief, in April 2023, Kohan founded and began working for FirmKey, a direct competitor of Paro. *See* copies of Kohan's LinkedIn profile and LinkedIn post, attached as Exhibits B  and C, respectively.

**RESPONSE:** Defendants deny that the parties are direct competitors. Otherwise, admitted.

30. Kohan was well aware that he is a party to the Non-Compete Agreement with Paro, and that the Non-Compete Agreement barred him from creating FirmKey and unfairly competing against Paro. There is little dispute that Kohan viewed Paro as a training ground, and he is now using, or will use, the Confidential Information he learned at Paro in violation of contractual and other legal obligations to Paro.

**RESPONSE:** Denied.

31. Kohan will not be able to compartmentalize his knowledge of Paro's Confidential Information while operating FirmKey. When called upon to perform his job responsibilities for FirmKey. Kohan will, consciously or unconsciously, inevitably draw upon his vast and intimate knowledge of Paro's Confidential Information.

**RESPONSE:** Denied.

32. Virtually all of the Confidential Information that Kohan learned as a result of his employment with Paro will assist him in performing his responsibilities for FirmKey and targeting

72196253;2

and servicing Paro's clients and experts. Kohan cannot help but draw upon this knowledge in performing his duties for FirmKey.

**RESPONSE:** Denied.

33.    Even if Kohan agreed not to disclose Paro's Confidential Information, such an agreement would be ineffective because the information that Kohan learned during his employment at Paro is exactly the type of information that a person in his position at FirmKey must rely upon and use in order to compete with Paro.

**RESPONSE:** Denied.

34.    The inevitable disclosure and use of Paro's Confidential Information will allow FirmKey to gain a substantial unfair advantage over Paro.

**RESPONSE:** Denied.

35.    On May 15, 2023, Paro, through its counsel, sent a cease and desist and demand letter to Kohan. A copy of the May 15 letter is attached hereto as Exhibit D. In the letter, Paro reminded Kohan and he is a party to the Non-Compete Agreement and demanded that he comply with his legal obligations to the Company. Paro gave Kohan a deadline of the close of business on May 17, 2023, by which to respond to the May 15 letter.

**RESPONSE:** Admitted.

36.    On the afternoon of May 17, 2023, counsel for Kohan sent an email to Paro's counsel. The email did not respond in a meaningful fashion to Paro's May 15 letter and requested a call to discuss the matter. Paro's counsel replied to the email and provided availability for a discussion. Paro's counsel reiterated that Kohan was in direct breach of the Non-Compete Agreement, demanded that Kohan comply with his legal obligations to Paro, and that he immediately shut down the FirmKey website (www.firmkeysolutions.com). A copy of counsel's

72196253;2

May 2023 email chain is attached hereto as <u>Exhibit E;</u> a copy of FirmKey's website, as it appeared on May 22, 2023, is attached hereto as <u>Exhibit F</u>.

**<u>RESPONSE</u>:** Defendants deny that the May 17, 2023 email did not respond in a meaningful fashion. Otherwise admitted.

37. On or about May 23, 2023, Kohan temporarily took down the FirmKey website, and his counsel requested that Kohan be able to meet with Paro's senior leadership to discuss a potential modification to his Non-Compete Agreement, so that Kohan and FirmKey could potentially pursue and offer limited finance and accounting services to "smaller private companies" instead of larger "accounting firm" clients. Paro, however, markets and provides various finance and accounting services to clients of all sizes. Paro respectfully rejected Kohan's request.

**<u>RESPONSE</u>:** Admitted.

38. On May 30, 2023, counsel for Paro sent a follow-up letter to counsel for Kohan, again reiterating that Kohan must fully comply with his post-employment obligations as set forth in the Non-Compete Agreement. Paro's counsel also explained that Paro would continue to monitor Kohan's and FirmKey's activities and would enforce its legal rights should Kohan continue to breach his legal obligations to the Company. A copy of counsel's May 30 letter is attached hereto as <u>Exhibit G.</u> Neither Kohan nor his attorney responded to the May 30 letter in any fashion.

**<u>RESPONSE</u>:** Admitted.

39. On June 23, 2023, Paro discovered that the FirmKey website was once again active. A copy of Firmkey's website as it appeared on June 23, 2023 is attached as <u>Exhibit H</u>.

**<u>RESPONSE</u>:** Defendants lack sufficient information to admit or deny these allegations and therefore denies them.

72196253;2

40.    On June 26, 2023, counsel for Paro sent counsel for Kohan a letter informing her that although Kohan had initially stopped operating the FirmKey website, the website was once again active and Kohan continued to engage in marketing and other activities in violation of his Non-Compete Agreement and other legal obligations. Counsel for Paro once again demanded that Kohan take down the website and provide written assurances that he would comply with his post-employment legal obligations. Paro gave Kohan a deadline of the close of business on June 27. 2023. by which to take down the FirmKey website. A copy of counsel's June 26 letter is attached hereto as Exhibit I.

**RESPONSE:** Admitted.

41.    Counsel for Kohan did not respond in a meaningful fashion to Paro's June 26 letter. Moreover. Kohan has failed to take down the website. A copy of FirmKey's website, as it appeared on the date of this filing, is attached as Exhibit J.

**RESPONSE:** Defendants deny that Counsel for Kohan "did not respond in a meaningful fashion." Otherwise, admitted.

## COUNT I
### (Breach of the Non-Compete Agreement Against Kohan)

42.    Paro realleges Paragraphs 1 through 41 above as though these Paragraphs were fully set forth herein.

**RESPONSE:** Defendants incorporates by reference their previous responses.

43.    Kohan's Non-Compete Agreement with Paro is a valid and enforceable contract.

**RESPONSE:** This allegation recites a legal conclusion and requires no response.

44.    Paro has performed all of its obligations under the Non-Compete Agreement.

**RESPONSE:** This allegation recites a legal conclusion and requires no response.

72196253;2

45.     Kohan has breached, will continue to breach, and/or will threaten to breach the terms of the Non-Compete Agreement by: (a) founding and working for FirmKey, a direct competitor of Paro: (b) soliciting Paro's clients and/or experts and/or interfering with Paro's client and/or expert relationships; and/or (c) misappropriating or threatening to misappropriate Paro's Confidential Information.

**RESPONSE:**  Denied.

46.     Paro has a substantial and legitimate interest in protecting its client and expert relationships and its Confidential Information.

**RESPONSE:**  Defendants lack sufficient information to admit or deny these allegations and therefore denies them.

47.     As a direct result of Kohan's breaches, Paro's existing and future client and expert relationships. as well as its Confidential Information, have been or will be compromised.

**RESPONSE:**  Denied.

48.     Paro has no adequate remedy at law in that Kohan's violations of his Non-Compete Agreement are continuing and will continue until they are enjoined, and monetary damages are difficult to quantify.

**RESPONSE:**  Denied.

WHEREFORE, Plaintiff Admiin Inc. d/b/a Paro Inc. respectfully requests that this Court enter judgment in its favor and against Defendant Luke Kohan and enter an order:

      (a)     granting a temporary restraining order, preliminary injunction and permanent injunction barring Kohan, for a twelve-month period, from being employed by or providing services to any competitor of Paro, including FirmKey;

      (b)     granting a temporary restraining order, preliminary injunction and permanent injunction barring Kohan, for a twelve-month period, from directly or indirectly soliciting any of Paro's clients or experts or inducing them to terminate their relationships with Paro;

        (c)      granting a temporary restraining order, preliminary injunction and permanent injunction barring Kohan from obtaining, seeking to obtain, misappropriating, or attempting to misappropriate, Paro's Confidential Information;

        (d)      ordering Kohan to return all originals and copies of Paro's Confidential information;

        (e)      awarding Paro any damages it has sustained as a result of Kohan's misconduct, including but not limited to compensatory damages;

        (f)      awarding Paro its attorneys' fees and costs in having to bring this action; and

        (g)      granting Paro any such other and further relief that this Court deems just and proper.

**RESPONSE:** This allegation recites no facts and therefore requires no response. Defendants assert that none of the requested relief should be granted whatsoever.

### COUNT II
### (Violation of the Illinois Trade Secrets Act
### (765 ILCS 1065/1) Against Kohan and FirmKey)

49.      Paro realleges Paragraphs 1 through 41 as though these Paragraphs were set forth fully herein.

**RESPONSE:** Defendants incorporate by reference their previous responses.

50.      Paro derives economic value from the fact that its Confidential Information is not commonly known to its competitors, and Paro has taken reasonable steps to safeguard the secrecy of its Confidential Information. Paro's Confidential Information therefore constitutes "trade secrets" under the Illinois Trade Secrets Act.

**RESPONSE:** This allegation recites a legal conclusion and requires no response.

51.      Through their actions set forth more fully herein, Kohan and FirmKey have threatened to disclose or use or will inevitably disclose or use Paro's Confidential Information with the knowledge, at the time of such threatened or inevitable disclosure or use, that their knowledge

72196253;2

of the Confidential Information was acquired in the course of Kohan's employment with Paro and under circumstances giving rise to their duty to maintain the secrecy of the Confidential Information.

**RESPONSE:** Denied.

52.    Kohan and FirmKey have threatened to use or will inevitably use Paro's Confidential Information for their mutual benefit.

**RESPONSE:** Denied.

53.    Kohan's and FirmKey' actions constitute threatened misappropriation of Paro's Confidential Information under Illinois law.

**RESPONSE:** This allegation recites a legal conclusion and requires no response.

54.    As a result of Kohan's and FirmKey' actions, Paro has suffered irreparable harm for which it has no adequate remedy at law. Unless enjoined, Kohan and FirmKey will continue to harm Paro's business, causing further irreparable harm to Paro for which there is no adequate remedy at law.

**RESPONSE:** Denied.

55.    As a result of Kohan's and FirmKey' willful and malicious actions, Paro has also been, and continues to be, substantially injured or damaged.

**RESPONSE:** Denied.

WHEREFORE, Plaintiff Admiin Inc. d/b/a Paro Inc. respectfully requests that this Court enter judgment in its favor and against Defendants Luke Kohan and FirmKey Solutions LLC, and enter an order:

> (a)    granting a temporary restraining order, preliminary injunction and permanent injunction barring Kohan and FirmKey from obtaining, seeking to obtain, misappropriating, or attempting to misappropriate, Paro's Confidential Information;

- 16 -

72196253;2

(b) ordering Kohan and FirmKey to return all originals and copies of Paro's Confidential Information;

(c) awarding Paro any damages it has sustained as a result of Kohan's and FirmKey' misconduct, including but not limited to compensatory damages and punitive damages;

(d) awarding Paro its attorneys' fees and costs in having to bring this action; and

(e) granting Paro any such other and further relief that this Court deems just and proper.

**RESPONSE:** This allegation recites no facts and therefore requires no response. Defendants assert that none of the requested relief should be granted whatsoever.

### COUNT III
### (Violation of Defend Trade Secrets Act
### (18 U.S.C. 1836 et seq.) Against Kohan and FirmKey)

56. Pam realleges Paragraphs 1 through 41 above as though these Paragraphs were fully set forth herein.

**RESPONSE:** Defendants incorporate by reference their previous responses.

57. Paro derives economic value from the fact that its Confidential Information is not commonly known to its competitors, and Paro has taken reasonable steps to safeguard the secrecy of its Confidential Information. Paro's Confidential Information therefore constitutes "trade secrets" under the federal Defend Trade Secrets Act.

**RESPONSE** This allegation recites a legal conclusion and requires no response.

58. Through their actions set forth more fully herein, Kohan and FirmKey have threatened to disclose or use or will inevitably disclose or use Paro's Confidential Information with the knowledge, at the time of such threatened or inevitable disclosure or use, that their knowledge of the Confidential Information was acquired in the course of Kohan's employment with Paro and

- 17 -

under circumstances giving rise to their duty to maintain the secrecy of the Confidential Information.

**RESPONSE:** Denied.

59.    Kohan and FirmKey have threatened to use or will inevitably use Paro's Confidential Information for their mutual benefit.

**RESPONSE:** Denied.

60.    Kohan's and FirmKey' actions constitute threatened misappropriation of Paro's Confidential Information under federal law.

**RESPONSE:** Denied.

61.    As a result of Kohan's and FirmKey' actions, Paro has suffered irreparable harm for which it has no adequate remedy at law. Unless enjoined, Kohan and FirmKey will continue to harm Paro's business, causing further irreparable harm to Paro for which there is no adequate remedy at law.

**RESPONSE:** Denied.

62.    As a result of Kohan's and FirmKey's willful and malicious actions, Paro has also been, and continues to be, substantially injured or damaged.

**RESPONSE:** Denied.

WHEREFORE, Plaintiff Admiin Inc. d/b/a Paro Inc. respectfully requests that this Court enter judgment in its favor and against Defendants Luke Kohan and FirmKey Solutions LLC, and enter an order:

    (a)    granting a temporary restraining order, preliminary injunction and permanent injunction barring Kohan and FirmKey from obtaining, seeking to obtain, misappropriating, or attempting to misappropriate, Paro's Confidential Information;

    (b)    ordering Kohan and FirmKey to return all originals and copies of Paro's Confidential Information;

(c)     awarding Paro any damages it has sustained as a result of Kohan's and FirmKey's misconduct, including but not limited to compensatory damages and punitive damages;

(d)     awarding Paro its attorneys' fees and costs in having to bring this action; and

(e)     granting Paro any such other and further relief that this Court deems just and proper.

**RESPONSE:**   This allegation recites no facts and therefore requires no response. Defendants assert that none of the requested relief should be granted whatsoever..

**COUNT IV**
**(Tortious Interference with Contract Against FirmKey)**

63.     Paro realleges Paragraphs 1 through 41 above as though these Paragraphs were fully set forth herein

**RESPONSE:**  Defendants incorporate by reference their previous responses.

64.     Until the events giving rise to this action, Paro had maintained a valid contractual relationship with Kohan in the form of the Non-Compete Agreement. Paro had a reasonable expectation that Kohan would fulfill his obligations under the Non-Compete Agreement.

**RESPONSE:**  Defendants lack sufficient information to admit or deny these allegations and therefore denies them.

65.     FirmKey knew or should have known of Paro's contractual relationship with Kohan but wrongfully and unjustifiably interfered with the relationship by causing Kohan to: (a) work for FirmKey, a direct competitor of Paro; (b) solicit or threaten to solicit Paro's clients and/or experts and/or interfere or threaten to interfere with Paro's client and/or expert relationships; and/or (c) misappropriate or threaten to misappropriate Paro's Confidential Information.

**RESPONSE:**  Denied.

72196253;2

66.     As a result of FirmKey's actions, Kohan has breached the terms of the Non-Compete Agreement.

**RESPONSE:**  Denied.

67.     Paro has been injured, irreparably and otherwise, by FirmKey's actions, as alleged herein.

**RESPONSE:**  Denied.

WHEREFORE, Plaintiff Admiin Inc. d/b/a Paro Inc. respectfully requests that this Court enter judgment in its favor and against Defendant FirmKey Solutions LLC and enter an order:

    (a)    granting a temporary restraining order, preliminary injunction and permanent injunction barring FirmKey from employing Kohan;

    (b)    granting a temporary restraining order, preliminary injunction and permanent injunction barring FirmKey from directly or indirectly providing services to any Paro clients or experts;

    (c)    granting a temporary restraining order, preliminary and permanent injunction barring FirmKey from directly or indirectly soliciting any of Paro's clients, experts or employees or inducing them to terminate their relationships with Paro;

    (d)    granting a temporary restraining order, preliminary injunction and permanent injunction barring FirmKey from obtaining, seeking to obtain, misappropriating, or attempting to misappropriate, Paro's Confidential Information;

    (e)    ordering FirmKey to return all originals and copies of Paro's Confidential Information;

    (f)    awarding Paro any damages it has sustained as a result of FirmKey's misconduct, including but not limited to compensatory and punitive damages; and

    (g)    granting Paro any such other and further relief that this Court deems just and proper.

**RESPONSE:**   This allegation recites no facts and therefore requires no response. Defendants assert that none of the requested relief should be granted whatsoever.

72196253;2

## **Affirmative Defenses**

1.      Plaintiff's customer lists are not trade secrets as the information and content of the lists does not rise to the level of being legally recognized as a trade secret.

2.      Plaintiff has not taken reasonable measures to protect its purported trade secrets.  To be a trade secret, reasonable measures must be taken to protect the purported trade secrets which has not occurred here

3.      Plaintiff has not sustained any financial or other monetary loss attributable to any conduct of the Defendant.

4.      The Court already has made a finding that the covenant against competition is overly broad, vague, ambiguous and therefore unenforceable.

5.      The agreements at issue were entered into under duress, as Mr. Kohan did not have counsel, was forced quickly to sign them, was not aware of what he was agreeing to and not given adequate time to review them.

6.      The agreements at issue are unconscionable.  The agreements attempt to restrict Defendant from making a living anywhere in the world.


Date: August 10, 2023                         Respectfully submitted,

                                              /s/ *Thomas G. Pasternak*
                                              Thomas G. Pasternak
                                              Akerman LLP
                                              71 South Wacker Drive
                                              46th Floor
                                              Chicago, IL 60606
                                              Telephone: (312) 634-5700
                                              Facsimile: (312) 424-1900

                                              Attorneys for Defendants,
                                              *Luke Kohan and*
                                              *FirmKey Solutions LLC*

## **CERTIFICATE OF SERVICE**

I certify that on August 10, 2023 I filed a true and correct copy of the foregoing

**DEFENDANT'S FIRST AMENDED ANSWER AND AFFIRMATIVE DEFENSES** with the

court using the ECF system, which will provide notice and a copy to counsel of record:

        Chad W. Moeller
        Sonya Rosenberg
        Collette A. Woghiren
        NEAL GERBER & EISENBERG LLP
        2 N. LaSalle St., Suite 2200
        Chicago, IL 60602
        cmoeller@nge.com
        srosenger@nge.com
        cwoghiren@nge.com

                        /s/ *Thomas G. Pasternak*
                        Thomas G. Pasternak

72196253;2