IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADMIIN INC., d/b/a PARO, INC., a Delaware Corporation,<br><br>Plaintiff,<br><br>v.<br><br>LUKE KOHAN, an individual, and FIRMKEY SOLUTIONS, LLC, a Minnesota limited liability company,<br><br>Defendants. | Case No. 1:23-cv-04430<br><br>Judge Franklin U. Valderrama<br><br>Magistrate Judge M. David Weisman |

**PLAINTIFF ADMIIN INC., d/b/a PARO, INC.'S MOTION TO COMPEL COMPLIANCE WITH INTERROGATORIES AND DOCUMENT REQUESTS AND FOR OTHER RELIEF**

Plaintiff Admiin Inc., d/b/a Paro, Inc. ("Paro"), by its attorneys, pursuant to Fed.R.Civ.P. 37(a), hereby moves for entry of an order compelling Defendants Luke Kohan and Firmkey Solutions LLC ("Defendants") to fully answer Paro's interrogatories, and produce certain documents. In support of this motion, Paro states as follows:

**RELEVANT BACKGROUND**

1. Paro filed a Verified Complaint for Injunctive and Other Relief (the "Complaint") and a Rule 65 Motion for Temporary Restraining Order and Preliminary Injunction (the "TRO Motion") against Defendants alleging, among other things, that (a) Kohan has breached the terms of his restrictive covenant agreement with Paro by founding and working for FirmKey, a direct competitor of Paro; (b) Kohan and FirmKey have misappropriated or are threatening to misappropriate Paro's confidential information and trade secrets; and (c) FirmKey has tortiously interfered with Paro's and Kohan's contractual relationship.

2. Pursuant to the parties expedited discovery schedule, the parties served requests to produce ("RFP") and interrogatories on August 1, 2023. On August 24, 2023, the parties exchanged written objections and responses and produced documents. Defendants' responses to the RFPs are attached as **Group Exhibit A** and their responses to interrogatories are attached as **Group Exhibit B**.

3. Defendants' written responses are woefully deficient. Defendants improperly assert nonspecific boilerplate objections of unduly burdensome, overbroad and not proportional to the needs of the case to almost every request. Additionally, although Paro issued 25 requests to produce to each Defendant, their production of documents consists of three pdfs, totaling 26 pages. On August 28, 2023, counsel for Paro sent Defendants' counsel a letter outlining the deficiencies in Defendants' written responses and production, which is attached as **Exhibit C.** On August 29 and August 30, counsel to the parties met and conferred regarding the disputes. On September 5, 2023 Defendants' served their supplemental answers to interrogatories and supplemental responses to RFPs. (Attached as Group Exhibit D and Group Exhibit E.)

4. While Defendants agreed to produce some of the requested discovery, they continue to withhold highly relevant and discoverable documents and information, including documents and information relating to (a) whether Kohan is directly or indirectly soliciting Paro's clients and Paro's highly vetted finance, bookkeeping and accounting experts, with whom Paro matches its clients through its proprietary platform and (b) whether FirmKey has tortiously interfered with Paro's and Kohan's contractual relationship. Specifically, Defendants refuse to answer the following interrogatory:

- Interrogatory No. 13 to FirmKey: Identify the experts with whom FirmKey presently works.

They also refuse to produce documents responsive to the following RFPs:

- RFP No. 7 to Kohan: All correspondence, including but not limited to emails, text messages and instant messages, between you and any and all co-founder(s), member(s) and shareholder(s) of FirmKey since January 1, 2023[1];

- RFP No. 15 to Kohan: Your Outlook or similar calendars since January 1, 2023[2]; and

- RFP No. 22 to Kohan: All documents referring or relating to any and all communications since beginning your affiliation with FirmKey, that you have had with any expert of Paro, including but not limited to any actual or potential contracts, agreements, proposals, bids, presentations, marketing materials, or invoices.

As further explained below, the Court should grant this Motion.

**DEFENDANTS IMPROPERLY REFUSE TO PRODUCE RELEVANT INFORMATION**

5. Rule 26(b)(1) provides that parties may obtain discovery regarding any matter, not privileged, which is relevant to the claim or defense of any party. Fed. R. Civ. P. 26(b)(1)). In the discovery context, "[b]ecause discovery is concerned with 'relevant information'—not 'relevant evidence'—the scope of relevance for discovery purposes is necessarily broader than it is for trial evidence under Federal Rule of Evidence 401." *Martinez v. Cook County*, No. 11 C 1794, 2012 U.S. Dist. LEXIS 175793, at *6 (N.D. Ill. Dec. 12, 2012) (internal citations omitted). "If relevance is in doubt, courts should err on the side of permissive discovery." 2020 U.S. Dist. LEXIS 12289 at *2. "A party may seek an order compelling disclosure when an opposing party has failed to respond or has provided evasive or incomplete responses." *Kroll v. O'Connor*, No. 19 C 3919, 2021 U.S. Dist. LEXIS 194446, at *17 (N.D. Ill. Jan. 12, 2021).

---

[1] [1] In its deficiency letter and during the August 29, 2023 meet and confer, counsel for Paro agreed to limit this request to communications between Kohan and the other two FirmKey co-founders regarding (1) the formation of FirmKey; (2) Kohan's employment and/or resignation from Paro; (3) the terms of Kohan's employment agreement with Paro; and (4) the allegations in the Complaint. *See* Exhibit C.

6. The relevance of the information in question is clear. Paro's request for Kohan's calendar and email(s) are highly relevant as it could identify his meetings and other interactions with Paro's clients and experts since his affiliation with FirmKey (RFP No. 15 ). Likewise, his communications with his FirmKey cofounders regarding the allegations in the Complaint are highly relevant to Paro's claim of FirmKey's tortious interference with Kohan's contract (RFP No. 7 to Kohan). Similarly, Kohan's communication with **Paro's** finance, bookkeeping and accounting experts with whom Paro matches its clients while working for and with FirmKey as well as the identities of FirmKey's experts are at the core of the allegations in the Complaint (RFP No. 22 to Kohan; Int. No. 13 to FirmKey). Defendants' have exclusive access to this information and Paro will be severely prejudiced if Defendants continue to withhold such information. To date, Defendants have produced only 3 pdfs: (1) a copy of a blank Vendor Terms & Conditions; (2) Operating Agreement of FirmKey; and (3) Minutes of Initial Meeting of Members and Board of Directors.

7. Defendants' have no basis in law or in fact for their refusal to produce highly relevant information, which are narrowly tailored in both scope and timeframe. Notably, Defendants have not asserted that any of these requests are irrelevant, instead, almost all of the Defendants' answers and responses improperly assert the boilerplate objections of "overly broad, unduly burdensome, and not proportional to the needs of this case" without any explanation. *See* Exs. A, B, C and D. For example, Defendants fail to explain why the requests are "overly broad" and "unduly burdensome" when they are each narrowly tailored, limited to a period from January 1, 2023 to present and focus on the allegations in the Complaint and/or Defendants' defenses. Defendants do not

---

[2] Paro has agreed that Kohan may redact any entries in his calendar which may be personal and

identify any word or term that they deem to be "overbroad" in any sense. Moreover, each response fails to indicate the burden of producing the information requested from a company that is merely—according to the Defendants—at most, six months old.

8. Despite two meet and confers, Defendants' interrogatory and request to produce responses remain evasive and incomplete. Discovery is scheduled to close on September 22, 2023, and the preliminary injunction hearing is scheduled for October 11, 2023. Defendants' refusal to produce documents and answer interrogatories is interfering with Paro's efforts to complete discovery and is impairing Paro's ability to marshal the facts and evidence necessary to support its claims. Accordingly, pursuant to Fed.R.Civ. 37(a)(3), Defendants' should be treated as if they failed to disclose, answer or respond and this Court should compel Defendants to produce documents responsive to Paro's requests as well as answer the interrogatories to which they improperly assert boilerplate objections.

9. Pursuant to Local Rule 37.2, counsel for Paro has consulted and has made good faith efforts to resolve differences but were unable to reach an accord, and Paro's counsel's attempts to reach an accord were unsuccessful due to no fault of Paro's counsel. The parties conferred on August 29 and August 30 by video call and email.

WHEREFORE, Paro respectfully requests that this Court grant its motion, and (a) strike Defendants' objections, (b) order Defendants' to serve amended answers, and/or bar defendants' from offering evidence of any contentions for which they fail to serve a proper answer, (c) produce documents, and (d) award such other relief as is just and proper.

---

confidential, including, for example, doctors' appointments.

Dated: September 5, 2023                               Respectfully submitted,

**ADMIIN INC. d/b/a PARO INC.**

By: */s/ Collette A. Woghiren*

One of Its Attorneys

Chad W. Moeller (cmoeller@nge.com)
Sonya Rosenberg (srosenger@nge.com)
Collette A. Woghiren (cwoghiren@nge.com)
NEAL GERBER & EISENBERG LLP
2 N. LaSalle St., Suite 2200
Chicago, Illinois 60602
(312) 269-8000

**CERTIFICATE OF SERVICE**

Collette A. Woghiren, an attorney, certifies that on September 5, 2023, she caused a copy of foregoing **PLAINTIFF ADMIIN INC., d/b/a PARO, INC.'S MOTION TO COMPEL COMPLIANCE WITH INTERROGATORIES, DOCUMENT REQUESTS AND FOR OTHER RELIEF** to be filed via this Court's CM/ECF System, which shall send notification to all counsel of record by operation of the Court's electronic filing system.

/s/     *Collette A. Woghiren*