# EXHIBIT C




August 28, 2023

Collette Alison Woghiren
Partner

Tel 312.269.5990
Fax 312.429.3586
cwoghren@nge.com

**VIA E-MAIL**

Thomas G. Pasternak, Esq.
Akerman LLP
71 South Wacker Drive, 47th Floor
Chicago, IL 60606
thomas.pasternak@akerman.com

Re: ***Admiin Inc. d/b/a Paro Inc. v. Luke Kohan, et al.*, Case No. 23-cv-04430: Rule 37 Letter**

Dear Tom,

Pursuant to Federal Rule of Civil Procedure 37, we are writing to address several deficiencies in Luke Kohan's and FirmKey Solutions LLC's (collectively, "Defendants") August 24, 2023 production and discovery responses to Plaintiff's Interrogatories and Requests for Productions. As set forth more fully below, your objections and responses to a number of our discovery requests are insufficient and not properly made. In accordance with the parties' expedited discovery schedule, Admiin Inc. d/b/a Paro Inc. ("Paro") requests that Defendants correct the deficiencies noted herein within the next 3 days, by 5:00 p.m. CT Wednesday, August 30, 2023. If Defendants refuse to do so, Paro will seek the Court's assistance in resolving these discovery issues.

## I. General Deficiencies

As a threshold matter, almost all of the Defendants' answers and responses improperly assert the boilerplate objections of "overly broad, unduly burdensome, and not proportional to the needs of this case" without any explanation. For example, Defendants fail to explain why the requests are "overly broad" and "unduly burdensome" when they are each narrowly tailored, limited to a period from January 1, 2023 to present and focus on the allegations in the Complaint and/or Defendants' defenses. Defendants do not identify any word or term that they deem to be "overbroad" in any sense. Moreover, each response fails to indicate the burden of producing the information requested from a company that is merely, at most, six months old. Defendants must either withdraw these objections or explain the basis of each objection in its answers and responses.

Further, Defendants' document production is wholly deficient. Kohan's document production includes only three documents: (1) a copy of a blank Vendor Terms & Conditions; (2) Operating Agreement of FirmKey; and (3) Minutes of Initial Meeting of Members and Board of Directors. The production






totals 26 pages. Likewise, the same three documents were produced in response to the 25 requests to produce directed to FirmKey. We would like to discuss the search parameters that were used to collect documents for production. Please provide a description in advance of our telephone conference.

Finally, despite Paro's Instruction No. 4, Defendants have not identified by Bates number which documents are responsive to which of our Requests.

In addition to these general deficiencies, below are other, specific deficiencies:

## II. Defendants' Responses to Plaintiff's Requests to Produce

### A. Kohan's Responses to Paro's Requests to Produce

**Request No. 7:** The response to Request No. 7 is deficient because it refuses to produce any responsive documents. However, in the spirit of compromise, Paro will narrow this Request to correspondence (including but not limited to emails, text messages and instant messages) between Kohan and any and all co-founder, members, and shareholders of FirmKey related to: (1) the formation of FirmKey; (2) Kohan's employment and/or resignation from Paro; (3) the terms of Kohan's employment agreement with Paro; and (4) the allegations in the Complaint.

**Request Nos. 15, 16 and 18:** As previously explained, the boilerplate objections to Request Nos. 15, 16 and 18 are improper. Moreover, the documents requested are highly relevant as Kohan's profession as an account executive, including his new role as CFO and president of FirmKey, involve customer outreach as explained in Kohan's Declaration, Dkt. 13-1, in which he explains that his role involves "creating new leads, cold calling, cold emailing," etc. Accordingly, Kohan has no valid basis to refuse to produce documents responsive to these requests, and he must supplement his responses and commit to producing all responsive documents.

**Request No. 22:** The response to Request No. 22 again asserts improper objections based on burden, overly broad and disproportionate. This Request is narrowly tailored to Kohan's affiliation with FirmKey, which, based on FirmKey's answer to Interrogatory No. 5, was founded on or around February 20, 2023. Moreover, the Request narrowly seeks communications with Paro's experts—a list of which have been separately provided in response to Defendants' discovery to Paro—during that period. Accordingly, the objections are improper and should






be withdrawn. As there is no basis for Kohan to withhold such information, all responsive documents must be produced immediately.

**B. FirmKey's Responses to Paro's Requests to Produce**

**Request No. 11:** The response to Request No. 11 improperly objects on the basis that the request is overly broad, unduly burdensome and is proportional to the needs of the case. The Request specifically seeks documents identifying FirmKey's clients. The basis of the Complaint is that Kohan founded and works for FirmKey shortly after resigning from Paro and that Kohan has misappropriated Paro's confidential information and trade secrets, including its client list and other information. FirmKey has requested Paro's client list and Paro has produced that information. It is neither credible nor appropriate for FirmKey to withhold this highly relevant information. FirmKey has no valid basis to refuse to produce documents responsive to these requests, and it must supplement its responses and commit to producing all responsive documents.

**Request No. 12:** The response to Request No. 12 is deficient because it fails to identify which Bates Numbers is responsive to this Request. Moreover, of the three documents produced by FirmKey, one is a blank Vendor Terms & Conditions documents. If this is the document referred to in the response to this Request, it is not the document sought in Request No. 12, which requests actual engagement letters and contracts between FirmKey and its clients, not a blank, unexecuted, example of a vendor agreement. Paro requests that FirmKey produce engagement letters and/or contracts between FirmKey and its clients. If no such documents exist, please confirm that is the case.

**Request No. 24:** This Request seeks documents supporting or relating to FirmKey's defenses and/or claims in this action. All of the objections are improper. For example, the Request is not overly broad nor unduly burdensome as FirmKey has asserted six affirmative defenses in response to the Complaint. *See* Dkt. 24. If there is a basis for the defenses, FirmKey must produce evidence sufficient to support them. If there is not, the defenses must be withdrawn. Moreover, to the extent that FirmKey asserts that *all* responsive documents have been withheld on the basis of privilege it should amend it's response and produce a privilege log.






## III. Defendants' Answers to Plaintiff's Interrogatories

### A. Kohan's Answers to Paro's Interrogatories

**Interrogatory No. 6:** The answer to Interrogatory No. 6 is inadequate in numerous respects. The Interrogatory is not overly broad nor unduly burdensome as it requests Kohan's "cell, home and office numbers" during a specific, period from January 1, 2023 to present. The information requested is highly relevant as Kohan's profession as an account executive, including his new role as CFO and president of FirmKey, involve customer outreach as explained in Kohan's Declaration, Dkt. 13-1, in which he explains that his role involves "creating new leads, cold calling" etc. There can be no credible basis for Kohan's refusal to supply this information which is relevant to the claims at issue in the Complaint related to Kohan's operation of a competing business. Kohan must supplement his answer and identify his cell, home and office numbers as requested in the Interrogatory.

**Interrogatory No. 7:** The answer to Interrogatory No. 7 is deficient because it simply asserts that the request is not "proportional to the needs of the case" without providing any basis for that objection. Moreover, the request seeks email addresses that Kohan has used since January 1, 2023, a specific, limited time period, which was not provided in the answer. The infomration requested is highly relevant as Kohan's profession as an account executive, including his new role as CFO and president of FirmKey, involve customer outreach as explained in Kohan's Declaration, Dkt. 13-1, in which he explains that his role involves "creating new leads, cold calling, cold emailing," etc. There is no basis for Kohan's withholding of this information as it is relevant to the allegations in the Complaint, accordingly, it must be produced immediately.

### B. FirmKey's Answers to Paro's Interrogatories

**Interrogatory No. 10:** The answer to this Interrogatory is deficient. The Interrogatory specifically requests "the substance of FirmKey's response after receiving or learning about the Non-Competition Agreement from Kohan." FirmKey's answer is simply "they discussed it." This answer is deficient and non-responsive. FirmKey must amend it's answer to describe the substance of the discussion.

**Interrogatory Nos. 12 and 13:** FirmKey's objections to Interrogatory Nos. 12 and 13 are improper as the interrogatories are not broad nor unduly






burdensome and the information requested is proportional to the needs of the case. The Interrogatories request the identity of FirmKey's clients and experts, with whom the company presently works. The basis of the Complaint is that Kohan founded and works for FirmKey shortly after resigning from Paro and that Kohan has misappropriated Paro's confidential information and trade secrets, including its client list and other information. FirmKey has requested Paro's client and expert list and Paro has produced that information. Accordingly, there is no credible basis for FirmKey to withhold this information, which goes to the heart of the claims in the Complaint. FirmKey must supplement its answer to each interrogatories and provide the information requested.

* * *

Plaintiff demands that Defendants correct their deficient responses to these discovery requests so that we may avoid the burden and expense of involving the Court on a motion to compel. We appreciate your prompt attention to these matters. We look forward to discussing this matter during the meet and confer conference call scheduled for tomorrow, August 29, 2023 at 10:00 a.m.

Sincerely,

/s/ Collette Alison Woghiren

cc: Chad Moeller. Esq.
Sonya Rosenberg, Esq.