# GROUP EXHIBIT D

-1-

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ADMIIN INC. d/b/a PARO INC., ) <br> A Delaware Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> LUKE KOHAN an individual, ) <br> and FIRMKEY SOLUTIONS LLC, ) <br> ) <br> ) <br> Defendants. ) | Case No. 1:23-cv-04430 <br><br> Judge Franklin U. Valderrama <br><br> Magistrate Judge M. David Weisman |

**DEFENDANT FIRMKEY SOLUTIONS LLC'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION <u>TO DEFENDANT FIRMKEY SOLUTIONS LLC</u>**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Order of the Honorable Franklin Valderrama dated July 27, 2023, FirmKey Solutions, LLC ("FirmKey") provides the following First Supplemental Responses to Plaintiff's First Set of Document Requests. Its previous response is incorporated by reference.

11. All documents identifying the clients with which FirmKey works.

**RESPONSE:** FirmKey objects to this request as being overly broad, unduly burdensome, and not proportional to the needs to the case. Subject to and without waiving its objections, FirmKey will produce its client list as an interrogatory response.

13. Copies of all versions of the engagement letter(s) or other contract(s) between FirmKey and its experts.

**RESPONSE:** Responsive documents will be produced, including one engagement letter (or SOW) between Client and Vendor) with the Vendor's name redacted.

-1-

-2-

|  |  |
|---|---|
| Dated: September 4, 2023 | By: */s/ Thomas G. Pasternak* |
| | Thomas G. Pasternak |
| | Akerman LLP |
| ` | 71 South Wacker Drive |
| | 47th Floor |
| | Chicago, Illinois 60606 |
| | Telephone: (312) 634-5700 |
| | thomas.pasternak@akerman.com |

-2-

72389577;2

-3-

## CERTIFICATE OF SERVICE

I, Thomas G. Pasternak, an attorney, certify that a copy of the foregoing **Defendant FirmKey Solutions LLC's First Supplemental Responses to Plaintiff's First Set of Requests for Production of Documents and Electronically Stored Information to Defendant FirmKey Solutions LLC** was served on this 4th day of September, 2023, via email upon:

    Chad W. Moeller (cmoeller@nge.com)
    Sonya Rosenberg (srosenger@nge.com)
    Collette A. Woghiren (cwoghiren@nge.com)
    NEAL GERBER & EISENBERG LLP
    2 N. LaSalle St., Suite 2200
    Chicago, Illinois 60602


                                     */s/ Thomas G. Pasternak*
                                     Thomas G. Pasternak

72389577;2

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADMIIN INC. d/b/a PARO INC., A Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:23-cv-04430 |
| v. | ) ) | Judge Franklin U. Valderrama |
| LUKE KOHAN an individual, and FIRMKEY SOLUTIONS LLC, | ) ) ) ) ) | Magistrate Judge M. David Weisman |
| Defendants. | ) | |

**DEFENDANT LUKE KOHAN'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND ELECTRONICALLY STORED INFORMATION TO DEFENDANT LUKE KOHAN**

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, and the Order of the Honorable Franklin Valderrama dated July 27, 2023, provide the following First Supplemental Responses to Plaintiff's document requests. Its previous responses are incorporated by reference.

7. All correspondence, including but not limited to emails, text messages and instant messages, between you and any and all co-founder(s), member(s) and shareholder(s) of FirmKey since January 1, 2023.

**RESPONSE:** Kohan objects to this request as being overly broad, unduly burdensome, and not proportional to the needs of this case. It reaches beyond what is necessary for Plaintiff to protect its general business interests. Defendants have provided Plaintiff with FirmKey's client list, which suffices as evidence that none of Plaintiff's clients, which is the trade secret alleged by Plaintiff, have been solicited or otherwise misappropriated. Paro has stated that it is relying on the inevitable disclosure doctrine and has conceded that it has no

72389875;2

- 2 -

evidence of actual misappropriation by Mr. Kohan. Plaintiff by this request is simply fishing for information that is not pertinent to their claims and therefore Plaintiff has no colorable reason to obtain the information sought by this request.

15. Your Outlook or similar calendars since January 1, 2023.

**RESPONSE:** Kohan objects to this request as being overly broad, unduly burdensome, and not proportional to the needs of this case. It is an invasion of Kohan's privacy and reaches beyond what is necessary for Plaintiff to protect its general business interests. Defendant Kohan has sworn under oath that he does not possess Plaintiff's trade secrets and that he has not solicited Paro's clients. Plaintiff's interest in Kohan's calender is irrelevant in Plaintiff's attempts to prove such claims. Moreover, FirmKey has provided its client list. Paro's theory is one of inevitable disclosure, and nothing in Kohan's calender has anything to do with that theory. Plaintiff is simply fishing for irrelevant information.

16. Other than business-related travel you engaged in on behalf of Paro, all documents relating to your travel schedule since January 1, 2023.

**RESPONSE:** Kohan objects to this request as being overly broad, unduly burdensome, and not proportional to the needs of this case. Subject to and without waiving its objections, Kohan will produce responsive documents.

18. Your cell phone records from January 1, 2023 to the present.

**RESPONSE:** Kohan objects to this request as being overly broad, unduly burdensome, and not proportional to the needs of this case. This is a further invasion of Kohans privacy and not necessary for Plaintiff to have to protect it's general business interests. What will Plaintiff do with the phone records if they are produced? Paro's theory here is one of inevitable disclosure, and nothing in Kohan's phone records will assist Paro in advancing that

- 2 -

- 3 -

theory. Kohan has sworn under oath that he has no Paro trade secrets nor has he solicited Paro clients, and has provided his client list to prove that. Plaintiff has no need for Kohan's cell phone records.

22. All documents referring or relating to any and all communications since beginning your affiliation with FirmKey, that you have had with any expert of Paro, including but not limited to any actual or potential contracts, agreements, proposals, bids, presentations, marketing materials, or invoices.

**RESPONSE:** Kohan objects to this request as being overly broad, unduly burdensome, and not proportional to the needs of this case.

Defendant Kohan's non-solicitation agreement says nothing about Paro's experts and Paro has not asserted that its expert list is a trade secret, because it cannot. The agreement refers to "expert" just once in the entirety of the agreement and is not intended to cover experts in the context of this litigation, but rather is made in reference to expert fees for services. In any case information about experts is readily available to the public.

Dated: September 1, 2023

By: */s/ Thomas G. Pasternak*
Thomas G. Pasternak
Akerman LLP
71 South Wacker Drive
47th Floor
Chicago, Illinois 60606
Telephone: (312) 634-5700
thomas.pasternak@akerman.com

- 3 -

72389875;2

- 4 -

## CERTIFICATE OF SERVICE

I, Thomas G. Pasternak, an attorney, certify that a copy of the foregoing **Defendant Luke Kohan's First Supplemental Responses to Plaintiff's First Set of Requests for Production of Documents and Electronically Stored Information to Defendant Luke Kohan** was served on this 1st day of September, 2023, via email upon:

>Chad W. Moeller (cmoeller@nge.com)
>Sonya Rosenberg (srosenger@nge.com)
>Collette A. Woghiren (cwoghiren@nge.com)
>NEAL GERBER & EISENBERG LLP
>2 N. LaSalle St., Suite 2200
>Chicago, Illinois 60602

>*/s/ Thomas G. Pasternak*
>Thomas G. Pasternak

- 4 -

72389875;2