# GROUP EXHIBIT E

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADMIIN INC. d/b/a PARO INC., A Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:23-cv-04430 |
| v. | ) ) | Judge Franklin U. Valderrama |
| LUKE KOHAN an individual, and FIRMKEY SOLUTIONS LLC, | ) ) ) ) | Magistrate Judge M. David Weisman |
| Defendants. | ) ) | |

**DEFENDANT FIRMKEY SOLUTIONS LLC'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO <u>DEFENDANT FIRMKEY SOLUTIONS LLC</u>**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Order of the Honorable Franklin Valderrama dated July 27, 2023, FirmKey Solutions LLC ("FirmKey") provides its First Supplemental Responses to Plaintiff's First Set of Interrogatories. Its previous response is incorporated by reference.

3. Identify each (a) shareholder of FirmKey and their percentage of ownership, (b) member of FirmKey, (c) founder of FirmKey, (d) director of FirmKey, and (e) manager of FirmKey.

**ANSWER**: FirmKey is a partnership. The following individuals are each are one-third owners and founders: Luke Kohan, Samuel Harrison and Joseph Hamilton.

6. Identify and describe in detail all of Kohan's job titles, job duties, responsibilities and expectations in his role at FirmKey.

**ANSWER**: FirmKey objects to the term "expectations" as being vague and ambiguous. Subject to and without waiving its objections, FirmKey states that Mr. Kohan is

72516749;1

- 2 -

FirmKey's CEO and that he has the responsibilities of business development, legal, operations, and compliance.

8. Explain in detail any and all steps FirmKey has taken to ensure that Kohan did/does not possess, transmit, and/or misappropriate confidential information or trade secrets of Paro.

**ANSWER**: FirmKey objects to this interrogatory in that it assumes facts. Kohan has not misappropriated any confidential information or trade secrets of Paro, as he has sworn under oath, so no steps are necessary. Paro concedes that that it is not contending that Kohan transmitted or transferred Paro's trade secrets and confidential information, neither during his employment or thereafter, and he has not done so. Therefore, Kohan has not directly or indirectly transmitted, transferred, shared or disclosed any Paro documents or information to or with FirmKey.

9. State whether Kohan has transmitted, transferred, shared or disclosed any Paro documents or information to or with FirmKey. If your answer is yes, identify and describe the name (by file name) and type of documents or information, the date(s) on which the document or information was transmitted, transferred, shared or disclosed, and where the document or information now resides.

**ANSWER**: No. Paro concedes that that it is not contending that Kohan transmitted or transferred Paro's trade secrets and confidential information, neither during his employment or thereafter, and he has not done so. Therefore, Kohan has not directly or indirectly transmitted, transferred, shared or disclosed any Paro documents or information to or with FirmKey.

10. State whether Kohan has transmitted, transferred, shared or disclosed the contents of the Non-Competition Agreement to or with anyone affiliated with FirmKey. If your answer is

yes, identify and describe the name(s) of the FirmKey employee or representative to whom Kohan transmitted, transferred, shared or disclosed the contents of the Non-Competition Agreement, the date(s) on which the Non-Competition Agreement was transmitted, transferred, shared or disclosed, the method by which the Non-Competition Agreement was transmitted, transferred, shared or disclosed, and the substance of FirmKey's response after receiving or learning about the Non-Competition Agreement from Kohan.

**ANSWER**: Upon receiving Plaintiff's cease and desist letter of May 15, 2023, Mr. Kohan disclosed the contents of the non-compete agreement (which was attached to the letter) to his partners on May 15, 2023. Disclosure came in the form of a discussion. Defendants were not happy to have received the letter as Defendants found the agreement to be unenforceable and impose undue hardship on Kohan. Defendants were not happy to have been accused of misappropriation or solicitation because Kohan, both at the time and to the present, has acted in good faith.

11. Identify the location(s) and addresses of each of FirmKey's office(s).

**ANSWER**: There are no offices. The partners work remotely from their homes.

12. Identify the clients with which FirmKey presently works.

**ANSWER**: 13FirmKey objects to this interrogatory as being over broad, unduly burdensome, and not proportional to the needs of the case. Subject and without waiving these objections, FirmKey has four clients: Worldwide Manufacturing, Neuroth Construction, International Society for Urban Health and Crawford Group.

13. Identify the experts with whom FirmKey presently works.

**ANSWER**: FirmKey objects to this interrogatory as being over broad, unduly burdensome, and not proportional to the needs of the case. Kohan's employment agreements do

- 4 -

not refer to Paro's experts as trade secrets or confidential information. They refer to expert only once in the context of expert services, such as forensic. Kohan has sworn that no form of confidential information or trade secrets was transmitted and Paro has not alleged that he has done so. Moreover, the requested information is readily publicly available. Therefore, Paro has no need of this information from Defendant to protect its business interests.

| | |
|---|---|
| Dated: September 4th, 2023 | By: */s/   Thomas G. Pasternak*<br>Thomas G. Pasternak<br>Akerman LLP<br>71 South Wacker Drive<br>47th Floor<br>Chicago, Illinois 60606<br>Telephone: (312) 634-5700<br>thomas.pasternak@akerman.com |

- 5 -

## CERTIFICATE OF SERVICE

I, Thomas G. Pasternak, an attorney, certify that a copy of the foregoing **Defendant FirmKey Solutions LLC's First Supplemental Responses to Plaintiff's First Set of Interrogatories to Defendant FirmKey Solutions LLC** was served on this 4th day of September, 2023, via email upon:

> Chad W. Moeller (cmoeller@nge.com)
> Sonya Rosenberg (srosenger@nge.com)
> Collette A. Woghiren (cwoghiren@nge.com)
> NEAL GERBER & EISENBERG LLP
> 2 N. LaSalle St., Suite 2200
> Chicago, Illinois 60602

>> */s/ Thomas G. Pasternak*
>> Thomas G. Pasternak

72516749;1

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ADMIIN INC. d/b/a PARO INC., A Delaware Corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 1:23-cv-04430 |
| v. | ) ) | Judge Franklin U. Valderrama |
| LUKE KOHAN an individual, and FIRMKEY SOLUTIONS LLC, | ) ) ) ) | Magistrate Judge M. David Weisman |
| 3xDefendants. | ) | |

**DEFENDANT LUKE KOHAN'S FIRST SUPPLEMENTAL RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT LUKE KOHAN**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, and the Order of the Honorable Franklin Valderrama dated July 27, 2023, Luke Kohan provides his First Supplemental responses to Plaintiff's First Set of Interrogatories. His previous response is incorporated by reference.

2. Identify each (a) shareholder of FirmKey and their percentage of ownership, (b) member of FirmKey, (c) founder of FirmKey, (d) director of FirmKey, and (e) manager of FirmKey.

**ANSWER**: FirmKey is a partnership. The following individuals are each are one-third owners and founders: Luke Kohan, Samuel Harrison and Joseph Hamilton.

4. Identify and describe in detail all of your job titles, job duties, responsibilities and expectations in your role at FirmKey.

**ANSWER**: Kohan objects to the term "expectations" as vague and ambiguous.

72517189;1

- 2 -

Subject to and without waiving his objection, Kohan states as follows: Kohan is the CEO of FirmKey and his responsibilities are business development, legal, operations, and compliance.

6. Identify all of your cell, home and office telephone numbers since January 1, 2023, and for each number identified, specify whether it was a cell, home or office number.

**ANSWER**: Kohan objects to this interrogatory as overly broad, unduly burdensome, and not proportional to the needs of the case. Subject to and without waiving his objections, Kohan states as follows:

(631) 223-6339 cell, home, office

7. Identify all email addresses that you have used since January 1, 2023.

**ANSWER**: Kohan objects to this interrogatory as not being proportional to the needs of the case. Subject to and without waiving this objection, Kohan states as follows:

Lukekohan5@gmail.com

Kohanlb@miamioh.edu

Luke@firmkeysolutions.com

Luke@paro.io

11. Identify each person affiliated with FirmKey to whom you showed, transmitted, or otherwise disclosed the contents of the Non-Competition Agreement. For each such transmission or disclosure: identify the job title of each such person, the date on which each such instance occurred, the method by which you communicated, and the substance of the communication.

**ANSWER**: Upon receiving Plaintiff's cease and desist letter of May 15, 2023, Mr. Kohan disclosed the contents of the non-compete agreement (which was attached to the letter) to his partners on May 15, 2023. Disclosure came in the form of a discussion. Defendants were not

- 3 -

happy to have received the letter as Defendants found the agreement to be unenforceable and impose undue hardship on Kohan. Defendants were not happy to have been accused of misappropriation or solicitation because Kohan, both at the time and to the present, has acted in good faith.

|  |  |
|---|---|
| Dated: September 4, 2023 | By: */s/ Thomas G. Pasternak* <br> Thomas G. Pasternak <br> Akerman LLP <br> 71 South Wacker Drive <br> 47th Floor <br> Chicago, Illinois 60606 <br> Telephone: (312) 634-5700 <br> thomas.pasternak@akerman.com |

- 4 -

## **CERTIFICATE OF SERVICE**

I, Thomas G. Pasternak, an attorney, certify that a copy of the foregoing **Defendant Luke Kohan's First Supplemental Responses to Plaintiff's First Set of Interrogatories to Defendant Luke Kohan** was served on this 4th day of September, 2023, via email upon:

>Chad W. Moeller (cmoeller@nge.com)
>Sonya Rosenberg (srosenger@nge.com)
>Collette A. Woghiren (cwoghiren@nge.com)
>NEAL GERBER & EISENBERG LLP
>2 N. LaSalle St., Suite 2200
>Chicago, Illinois 60602

>*/s/ Thomas G. Pasternak*
>Thomas G. Pasternak

72517189;1