IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADMIIN INC., d/b/a PARO, INC., a Delaware Corporation, | Case No. 1:23-cv-04430 |
| Plaintiff, | Judge Franklin U. Valderrama |
| v. | Magistrate Judge M. David Weisman |
| LUKE KOHAN, an individual, and FIRMKEY SOLUTIONS, LLC, a Minnesota limited liability company, | |
| Defendants. | |

**DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTIONS TO COMPEL**

Defendants LUKE KOHAN ("Kohan") and FIRMKEY SOLUTIONS LLC ("FirmKey") (collectively, "Defendants"), by and through counsel, hereby respond to Plaintiff's Motion to Compel [ECF No. 30] as follows:

**INTRODUCTION AND BACKGROUND**

Pursuant to the Court's expedited discovery schedule, the parties have served and responded to requests to produce and interrogatories. Defendants appropriately asserted objections to the following requests, among others:

- Interrogatory No. 13 to FirmKey: Identify the experts with whom FirmKey presently works.

- Request for Production No. 7 to Kohan: All correspondence, including but not limited to emails, text messages and instant messages, between you and any and all co-founder(s), member(s) and shareholder(s) of FirmKey since January 1, 2023 regarding (1) the formation of FirmKey; (2) Kohan's employment and/or resignation from Paro; (3) the terms of Kohan's employment agreement with Paro; and (4) the allegations in the Complaint.[1]

---

[1] As modified by Plaintiff.

- Request for Production No. 15 to Kohan: Your Outlook or similar calendars since January 1, 2023, with redaction of entries which may be personal and confidential.

- Request for Production No. 22 to Kohan: All documents referring or relating to any and all communications since beginning your affiliation with FirmKey, that you have had with any expert of Paro, including but not limited to any actual or potential contracts, agreements, proposals, bids, presentations, marketing materials, or invoices.

Plaintiff now seeks to compel responses to these three requests for production and one interrogatory after Defendants appropriately objected to responding on the basis that the requests seek information disproportional to the needs of the case, are overly broad, and unduly burdensome. As Plaintiff's requests are not permitted under the applicable discovery rules, Plaintiff's Motion to Compel should be denied.

## PLAINTIFF'S REQUESTS ARE IRRELEVANT, OVERBROAD, AND UNDULY BURDENSOME

Each of Plaintiff's four requests that are the subject of its Motion to Compel seeks irrelevant information, are overbroad, unduly burdensome, and not proportional to the needs of the preliminary injunction hearing. In its demand that Defendants respond to certain discovery requests, ignoring the fact that Plaintiff itself requested the Court permit discovery "in connection with the emergency relief it is seeking," [ECF No. 9] Plaintiff only references authority discussing the general discovery standard under Rule 26(b)(1) of the Federal Rules of Civil Procedure. However, even general discovery under Rule 26(b)(1) is not without limits. To the contrary, under Rule 26(b)(2)(c), "[o]n motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed by these rules ... if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery; or (iii) the proposed discovery is outside the scope permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C); *Diamond Servs. Mgmt. Co. LLC*

*v. C&C Jewelry Mfg., Inc.*, No. 19-CV-07675, 2022 WL 4466076, at *16 (N.D. Ill. Sept. 26, 2022). Indeed, "[d]espite the liberal breadth of discovery allowed under Rule 26 of the Federal Rules of Civil Procedure, a proponent of a motion to compel discovery bears the initial burden to prove that the information sought is relevant." *City of Chicago v. DoorDash, Inc.*, No. 1:21-CV-05162, 2023 WL 3654259, at *1 (N.D. Ill. May 25, 2023).

Here, each of Plaintiff's four requests that are the subject of its Motion to Compel seek irrelevant information, are overbroad, and are unduly burdensome. Defendants address each problematic discovery request in turn below.

### **Interrogatory No. 13 and Request for Production No. 22**

Interrogatory No. 13 and Request for Production No. 22 seek information and documents that not only have no connection to any temporary relief Plaintiff could be awarded, but have no bearing on any of the issues in this case. Plaintiff seeks a Preliminary Injunction based on the alleged non-compliance with a restrictive covenant agreement executed by Defendant Kohan. [ECF No. 7, ¶ 1]. The agreement, attached to Plaintiff's Complaint as Exhibit A, only precludes solicitation of employees and customers of Plaintiff; it does not preclude solicitation of experts that Plaintiff has worked with previously. [ECF No. 1-1, ¶ 7]. Interrogatory No. 13 and Request for Production No. 22 only address dealings and communications with Plaintiff's *experts*, not Plaintiff's clients or employees. As any non-solicitation obligation of Defendant Kohan does not apply to experts, information and documents responsive to Interrogatory No. 13 and Request for Production No. 22 are irrelevant to both the upcoming Preliminary Injunction Hearing and this case in general. Plaintiff should not be permitted to abuse the discovery tools of this Court to obtain the Defendants' confidential business information that it has no legitimate grounds for seeking and that is completely unrelated to Plaintiff's claims in this case. Indeed, "[t]he discovery

rules are not a ticket to an unlimited, never-ending exploration of every conceivable matter that captures an attorney's interest." *Bierk v. Tango Mobile, LLC*, No. 19 C 5167, 2021 WL 1837376, at *2 (N.D. Ill. May 7, 2021). As Interrogatory No. 7 and Request for Production No. 22 seek information and documents that are completely disproportionate and irrelevant to this case, Plaintiff's request for this information should be denied.

**Request for Production No. 7**

Request for Production No. 7 seeks "All correspondence, including but not limited to emails, text messages and instant messages, between you and any and all co-founder(s), member(s) and shareholder(s) of FirmKey since January 1, 2023 regarding (1) the formation of FirmKey; (2) Kohan's employment and/or resignation from Paro; (3) the terms of Kohan's employment agreement with Paro; and (4) the allegations in the Complaint."[2] Plaintiff generally contends such communications are relevant to its tortious interference claim against FirmKey, which is based on causing Kohan to work for FirmKey, soliciting or threatening to solicit Plaintiff's clients and experts or threatening those relationships, and misappropriating or threatening to misappropriate Plaintiff's confidential information. Defendant Kohan has already testified via a sworn declaration that neither he nor FirmKey have any of Plaintiff's trade secrets or confidential information and neither he nor FirmKey are soliciting any of Plaintiff's clients.[3] [ECF No. 13-1]. Thus, Plaintiff has no real need for the requested communications.

Moreover, considering the Complaint's wide-range of allegations, the scope of Request No. 7 is not tailored in any meaningful way and it would be incredibly burdensome for Defendant Kohan to respond. Request No. 7 essentially demands Defendant Kohan produce every business-related communication he has had with FirmKey members. Because Defendant Kohan frequently

---

[2] As modified by Plaintiff.
[3] As discussed previously, information related to Plaintiff's experts has no bearing on this case.

communicates with other co-founders and members of FirmKey, identification, review, and production of responsive communications would be incredibly burdensome manual process. The likely benefit of any such communications would be far outweighed by the difficulty and expense Defendant Kohan would incur in identifying and reviewing such voluminous correspondence. As such communications are not proportional to the needs of this case, they do not seek discoverable documents under Rule 26(b)(1) and Plaintiff's Motion to Compel documents in response to this Request No. 7 should be denied. Moreover, Plaintiff's can easily obtain this information in the upcoming deposition of Mr. Kohan.

**Request for Production No. 15**

Request for Production No. 15 seeks Defendant Kohan's "Outlook or similar calendars since January 1, 2023." Plaintiff contends these calendars are needed to identify Defendant Kohan's meetings and other interactions with Plaintiff's clients and experts since his affiliation with Defendant FirmKey.[4] [ECF No. 30, ¶ 6]. Though the Request allows for redaction of personal and confidential entries, review and redaction of Defendant Kohan's calendars for all of his personal appointments is unduly burdensome, especially when the same information about any meetings with Plaintiff's clients could be easily obtained by other means. Under Rule 26, discovery must be limited when the discovery sought is determined to be "[obtainable] from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C). Here, Defendant Kohan is being deposed in this matter and will be able to respond to any questions about meetings with Plaintiff's clients from January 1, 2023 forward. *See DoorDash*, 2023 WL 3654259 at *3 (noting a deposition "may be a more appropriate vehicle to obtain the information in a less burdensome way" than a document request). Notably, Plaintiff

---

[4] For the same reason discussed in the context of the irrelevancy of Interrogatory No. 13, any meetings or interactions between Defendant Kohan and any of Plaintiff's experts would also be irrelevant and outside the scope of discovery.

72699737;1

could have simply served an Interrogatory requesting this information but elected not to do so. As multiple avenues exist that are less burdensome to provide Plaintiff with the same information, Defendant Kohan's objections to Request No. 15 are well-founded and Plaintiff's Motion to Compel a response should be denied.

## CONCLUSION

For the reasons set forth herein, Plaintiff's Motion to Compel should be denied in its entirety.

Date: September 13, 2023

Respectfully submitted,

/s/ *Thomas G. Pasternak*
Thomas G. Pasternak
Akerman LLP
71 South Wacker Drive
46th Floor
Chicago, IL 60606
Telephone: (312) 634-5700
Facsimile: (312) 424-1900

Attorneys for Defendants,
*Luke Kohan and*
*FirmKey Solutions LLC*

72699737;1

## CERTIFICATE OF SERVICE

I certify that on September 13, 2023, I filed a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S MOTION TO COMPEL** with the court using the ECF system, which will provide notice and a copy to counsel of record:

    Chad W. Moeller
    Sonya Rosenberg
    Collette A. Woghiren
    NEAL GERBER & EISENBERG LLP
    2 N. LaSalle St., Suite 2200
    Chicago, IL 60602
    cmoeller@nge.com
    srosenger@nge.com
    cwoghiren@nge.com

    /s/ *Thomas G. Pasternak*
    Thomas G. Pasternak

72699737;1