IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADMIIN INC., d/b/a PARO, INC., a Delaware Corporation, <br><br> Plaintiff, <br><br> v. <br><br> LUKE KOHAN, an individual, and FIRMKEY SOLUTIONS, LLC, a Minnesota limited liability company, <br><br> Defendants. | Case No. 1:23-cv-04430 <br><br> Judge Franklin U. Valderrama <br><br> Magistrate Judge M. David Weisman |

**PLAINTIFF ADMIIN INC., d/b/a PARO, INC.'S MOTION TO COMPEL DEFENDANTS TO DE-DESIGNATE TESTIMONY IMPROPERLY MARKED AS ATTORNEYS' EYES ONLY**

Plaintiff Admiin Inc., d/b/a Paro, Inc. ("Paro"), by its attorneys, pursuant to Fed.R.Civ.P. 37(a), hereby moves for entry of an order compelling Defendants Luke Kohan ("Kohan") and Firmkey Solutions LLC ("FirmKey") (collectively, "Defendants") to de-designate testimony related to Defendants' expert improperly marked as Attorneys' Eyes Only ("AEO") as there is no basis for such designations. In support of this motion, Paro states as follows:

**RELEVANT BACKGROUND**

1. Paro filed a Verified Complaint for Injunctive and Other Relief (the "Complaint") and a Rule 65 Motion for Temporary Restraining Order and Preliminary Injunction (the "TRO Motion") against Defendants alleging, among other things, that (a) Kohan has breached the terms of his restrictive covenant agreement with Paro by founding and working for FirmKey, a direct competitor of Paro; (b) Kohan and FirmKey have misappropriated or are threatening to misappropriate Paro's confidential

information and trade secrets; and (c) FirmKey has tortiously interfered with Paro's and Kohan's contractual relationship.

2. On August 22, 2023 this Court entered the parties' Agreed Confidentiality Order, Dkt. 27. Paragraph 3 provides that:

> Any Confidential Information may be designated by the Producing Party as "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" if the Producing Party believes in good faith that the Confidential Information contains, constitutes, reveals, or reflects trade secrets or personal information or other information of a high degree of commercial sensitivity or that if disclosed could result in significant competitive or commercial disadvantage or other significant harm to the Producing Party or a third-party.

3. Pursuant to the parties expedited discovery schedule, counsel to Paro deposed Kohan on September 19, 2023. During the deposition Kohan testified that he did not consider the identity of Paro's experts to be confidential:

> Q: Okay. Did you consider the identities of Paro's experts to be confidential?
> A: No. (Kohan Dep. 63:10-12).[1]

4. Despite this assertion, Kohan and his counsel insisted that discussions related to the identity of FirmKey's experts—the majority of which are also Paro's experts—be marked as AEO. When asked the basis for the designation given that Defendants do not consider experts to be confidential, counsel for Defendants stated simply that Kohan does not want Paro "to know about them":

> MR. PASTERNAK: And we're designating attorneys' eyes only on these expert questions.
> MR. MOELLER: On what basis? He just testified that he doesn't consider the identities of experts to be confidential.
> MR. PASTERNAK: He doesn't want your client to know about them. (Ex. A, Kohan Dep. 171: 23-172:8.)

---

[1] Excerpts of Kohan's deposition transcript that do not include information designated as AEO is attached as Exhibit A.

5. It is well established that:

> The AEO designation must be used selectively because discovery and trial preparation are made significantly more difficult and expensive when an attorney cannot make a complete disclosure of relevant facts to a client and because it leaves the litigant in a difficult position to assess whether the arguments put forward on its behalf are meritorious.

6. *Global Material Technologies, Inc. v. Dazheng Metal Fibre Co.*, 133 F. Supp. 3d 1079, 1084 (N.D. Ill. 2015). Here, Defendants' have no basis in law or in fact for their designation of the information related to FirmKey's experts as AEO.

7. *First,* the parties Agreed Confidentiality Order explicitly provides that information may only be designated as AEO if the party asserting the designation has a "good faith" belief that the information "contains, constitutes, reveals, or reflects trade secrets or personal information or other information of a high degree of commercial sensitivity or that if disclosed could result in significant competitive or commercial disadvantage or other significant harm." (Dkt. 27, Par. 3.) Withholding the identity of relevant evidence solely because a party does not want to produce it is not a basis for an AEO designation under the parties' Agreed Confidentiality Order nor case law. Moreover, asserting an AEO designation for information that Defendants do not consider confidential lacks good faith. *Team Play, Inc. v. Boyer*, No. 03 C 7240, 2005 U.S. Dist. LEXIS 3968, at *3 (N.D. Ill. Jan. 31, 2005) ("Where a party's 'use of the Attorneys' Eyes Only designation is sweeping it can be a form of discovery abuse and result in the blanket modification of a protective order as well as the imposition of sanctions on the designating party. Once the designation has been challenged, it is the burden of the designating party to justify the need for enforcement of the protective order in accordance with its terms").

8.      *Second*, even if Defendants switch gears and assert that the identity of experts is confidential, such an assertion is not sufficient for an AEO designation. *Jokich v. Rush University Medical Center*, No. 18 C 7885, 2020 U.S. Dist. LEXIS 76916, at *17 (N.D. Ill. May 1, 2020) ("Broad allegations of competitive injury have been rejected to support an AEO designation"). As there is no basis for such designation, Defendants should be compelled to remove the AEO designations related to the identity of FirmKey's expert and allow Paro's counsel to make a complete disclosure of relevant facts to its client. *Team Play, Inc. v. Boyer*, No. 03 C 7240, 2005 U.S. Dist. LEXIS 3968, at *5-6 (N.D. Ill. Jan. 31, 2005) (granting motion to compel and holding that "by refusing to remove the highly confidential designation from the requested documents" the withholding party was forcing the opposing party to "fly blind" and that the withholding party was "amply protected under the Protective Order by the restrictions and conditions attendant to the Confidential Information category").

9.      Pursuant to Paragraph 10 of the Agreed Confidentiality Order, counsel for Paro challenged the AEO designation of FirmKey's experts and conferred directly with counsel for Defendants.

10.     Pursuant to Local Rule 37.2, counsel for Paro has consulted and has made good faith efforts to resolve differences but were unable to reach an accord, and Paro's counsel's attempts to reach an accord were unsuccessful due to no fault of Paro's counsel.  The parties sought to resolve the dispute during the deposition on September 19, 2023, and via emails on September 22, 2023. All parties agree that they have exhausted the meet and confer requirement.

WHEREFORE, Paro respectfully requests that this Court grant its motion, and (a) compel Defendants to remove the Attorneys' Eyes Only designation from

4

information related to FirmKey's experts in Kohan's deposition and (b) award such other relief as is just and proper.

Dated:  September 26, 2023                          Respectfully submitted,

**ADMIIN INC. d/b/a PARO INC.**

By: */s/ Collette A. Woghiren*

One of Its Attorneys

Chad W. Moeller (cmoeller@nge.com)
Sonya Rosenberg (srosenger@nge.com)
Collette A. Woghiren (cwoghiren@nge.com)
NEAL GERBER & EISENBERG LLP
2 N. LaSalle St., Suite 1700
Chicago, Illinois 60602
(312) 269-8000

**CERTIFICATE OF SERVICE**

Collette A. Woghiren, an attorney, certifies that on September 26, 2023, she caused a copy of foregoing **PLAINTIFF ADMIIN INC., d/b/a PARO, INC.'S MOTION TO COMPEL DEFENDANTS TO DE-DESIGNATE TESTIMONY IMPROPERLY MARKED AS ATTORNEYS' EYES ONLY** to be filed via this Court's CM/ECF System, which shall send notification to all counsel of record by operation of the Court's electronic filing system.

/s/     Collette A. Woghiren