IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ADMIIN INC. d/b/a PARO INC., a Delaware Corporation, | ) ) ) |
| Plaintiff, | ) ) Case No. 1:23-cv-04430 |
| v. | ) ) ) |
| LUKE KOHAN an individual, and FIRMKEY SOLUTIONS LLC, a Minnesota limited liability company, | ) ) ) ) |
| Defendants. | ) |

### DECLARATION OF LUKE KOHAN

I, Luke Kohan, submit this Declaration in opposition to Plaintiff's Motion for a Preliminary Injunction. Under penalty of perjury, and pursuant to 28 U.S.C. §1746, I declare as follows:

1. I began my employment with Paro on October 19, 2020. Prior to joining Paro, Kohan worked at Groupon (January 2016-January 2020) and Rodeo (July 2020 – October 2020). Before joining Paro, I had prior experience in working for "marketplaces" and "matchmaking" between businesses and consumers.

2. I held several different positions during his time at Paro, and in those roles, I was responsible for identifying prospects, creating prospect-leads, and converting prospective clients into clients. During my last nine months with Paro (July 2022 to March 2023), I worked on the "CPA east" (or "white label") team, which focuses solely on providing staff augmentation services to public accounting firms. Although Paro's business model is predicated on its proprietary matchmaking algorithm, I often times went above and beyond just using the algorithm to ensure he was presenting the most qualified experts to prospective clients.

73089934;1

**EXHIBIT A-1**

- 2 -

3. Prior to the commencement of my employment, Paro's VP of People, Randi Jakubowitz, sent me an email with the subject line "Welcome to Paro – Onboarding Info" stating:

> "Congrats on your offer & we are thrilled about having you join Paro! In order to get things ready for you, can you please take a few minutes to sign off on the following items:
>
> Your offer letter will be delivered shortly to you email via Hellosign for review & signature (it may come from Michael Burdick, our CEO)
>
> Please electronically sign your **Non-disclosure & innovation agreement** (click the link and it will take you to the appropriate page to sign).
>
> We will need for you to electronically sign Paro's Employee Handbook (click the link and it will take you to the appropriate page to sign).
>
> Please complete this Electronic Onboarding Form so we can get you set up in the payroll & benefit systems…"

4. Notably, Jakubowitz referred to the employment agreement as a "non-disclosure and innovations agreement," not a Non Competition Agreement, and that is what I was led to believe and understood it to be. Such an agreement is blatantly distinguishable from the exhaustive employment agreement in which Kohan was deceived into signing.

5. Moreover, Jakubowitz did not inform me that those documents were in fact a condition of his employment and that I would be contractually bound to far more strenuous post-employment obligations.

6. Next, Paro's CEO Michael Burdick sent me an "offer letter" on Friday, October 2nd at 1:39pm, 2 minutes before Jakubowitz emailed me the "onboarding information." Then, at 2:24 pm, I received an email from Hellosign prompting me to sign, what I now knows as, the Non Competition Agreement.

**EXHIBIT A-2**

7. At 2:24pm, the same time that I received the employment agreement, I emailed Jakubowitz requesting the offer letter be revised. On October 3rd at 3:40pm, Hellosign again prompted me to sign the employment agreement. I was pressured to sign it and not given time to review it, understand it, or consult with an attorney regarding it. I signed the employment agreement at 3:41pm, just 1 minute after receiving the document. I did not know what the document was, through no mistake or negligence on my part.

8. Paro and FirmKey identify, market, and operate differently and are therefore not competitors and FirmKey is not operating in Paro's "Business."

9. Paro is an artificial intelligence-powered marketplace that delivers finance and accounting solutions to businesses through a combination of expert fractional talent, data-driven tools, and guiding insights via its proprietary AI-powered platform. In contrast, FirmKey is an agency conducting business development on behalf of its small group of independent, boutique accounting teams ("Vendors").

10. Paro's network of experts are individuals, where FirmKey's are boutique firms.

11. The companies use different pricing models. Paro uses a markup, while FirmKey receives 20% of the compensation due its experts.

12. FirmKey is neither a marketplace, nor a platform.

13. Paro has been funded by multiple rounds. FirmKey has not.

14. Paro has multiple employees, FirmKey has none.

15. Paro's primary business is augmenting CPA firms when they need an increase in capacity. FirmKey does not provide augmentation.

16. Paro does not have an Outbound team, it only deals with incoming leads.

17. Paro's business is far different from FirmKey's business. Mr. Kohan and FirmKey secure engagement opportunities for their Vendors that meticulously align with their Vendors' industry experiences and technical specialties. Paro sells its proprietary AI marketplace while FirmKey has no technology driven process. Paro provides 1099/W2 staff augmentation for public accounting firms while FirmKey connects companies in need of an accounting team with FirmKey's Vendors. Paro's sales org is predominantly 'Inbound' (i.e., companies and firms submit their interest), Mr. Kohan and FirmKey are entirely 'Outbound' (i.e., cold calling, emailing, and selling to secure opportunities).

Date: October 4, 2023

/s/ *Luke Kohan*
Luke Kohan